## Rissel v. Reading Street Railway Co.

*Charles H. Weidner*, for plaintiff.

*Ralph C. Body* and *John C. Clemmens*, for defendants.

SHANAMAN, J., November 26, 1957.—This case was tried with another suit brought by Margaret Bodnar, who later married Mr. Rissel, against herself as sub-

stituted administratrix of the estate of Michael Bodnar, deceased, to no. 131, March term, 1953. In that case the jury awarded a verdict against the estate, and the estate's motions for judgment n. o. v. and for new trial have been dismissed in an opinion filed herewith. In the suit against the Reading Street Railway Company, the jury rendered a verdict in favor of defendant. Plaintiff took a rule for new trial, which has been argued. The two suits grew out of a collision on the Bingaman Street bridge at the City of Reading between an automobile driven by the deceased and a trolley car moving in the opposite direction across the bridge on permanent rails. Plaintiff raises four points of law, which involve rulings on evidence at the trial.

Plaintiff's first and second contention question the rulings of the trial judge with reference to the depositions of Walter Steiger, the motorman in charge of the trolley car at the time of the collision. Mr. Steiger's depositions were taken twice. The first occasion was on November 5, 1953, when Mr. Body for the street railway company and Mr. Weidner for the estate were present. The second set of depositions of this witness was taken on January 19, 1956, in the presence of Mr. Body. Mr. Weidner for Margaret Bodnar Rissel and Mr. Cottom for the estate. Mr. Steiger's physical condition necessitated his absence from the trial, and his depositions, subject to whatever rules govern their use, became available. In plaintiff's case, Mr. Weidner offered a part of the 1956 deposition as against the estate. Mr. Cottom objected; objection was overruled. No error appears. Then ensued a further objection to the manner in which plaintiff was about to read the deposition or, more accurately, a request was made for a direction that plaintiff read all of the deposition that was relevant. The court sustained this request, and outlined the course to be followed by counsel. No error appears.

After plaintiff closed, the Reading Street Railway Company entered upon its defense, and after presenting certain witnesses and their testimony, offered, in its own defense, those parts of the 1956 deposition which had been read to the jury by Mr. Weidner in his own case against the estate, including whatever he read at the request of Mr. Cottom. Mr. Body did not propose to read the questions and answers again to the jury. Mr. Weidner objected and was overruled. No error appears. Mr. Weidner then moved that the sustaining of Mr. Body's offer be conditioned upon his reading to the jury in part the 1953 deposition, which had not as yet been offered or been used in the trial. The court refused to so direct, but reserved ruling on the 1953 deposition, or any part of it, until an offer should be made thereof, and meet objection. No error appears. At this point Mr. Weidner was entitled to insist upon a reading by Mr. Body of any relevant portion of the 1956 deposition, which was being offered, but not of some other deposition taken over two years before, and particularly so in view of the fact that Mr. Body's offer was simply to adopt for the record that which Mr. Weidner had deemed fit to offer in his own case. Mr. Weidner's first contention involving the objections made on this subject must, therefore, be overruled.

The Reading Street Railway Company subsequently closed its direct case in defense, and Mr. Cottom, for defendant estate, rested without offering testimony. Mr. Weidner then offered, as plaintiff's evidence in rebuttal, a part of the 1953 deposition. A side bar conference took place, at which Mr. Weidner offered the following:

"Q. And as far as you really recall, you don't know whether the trolley was still on the track when the collision occurred, do you? You don't recall that exactly, do you?

"A. How was that?

"Q. Whether the trolley was on the tracks when the collision occurred, you don't recall that exactly?

"A. No, now I don't, not right.

"Mr. Body: I ask you to repeat that question to the witness.

"Mr. Weidner: He already answered it.

"A. Did you ask me whether the car was on the track when the contact came?

"Q. Yes; whether the trolley was on the track when the contact came; you don't recall that, do you?

"A. It happened so quick, just like shutting your eyes and opening them."

This was offered by Mr. Weidner "for the purpose of contradicting his testimony offered by this defendant, Reading Street Railway Company, when they adopted the deposition of the witness, Walter Steiger, which was taken on January 6, 1956, which, when it was offered by me in the case against the estate, was admitted under Your Honor's ruling." The testimony proposed to be contradicted was as follows:

"Q. Can you tell us how far it was away from the trolley you were operating when you first saw this automobile coming toward you; about how far was it away, approximately? Just give us an approximation, an estimate.

"A. I still say that it was 100 feet away from me.

"Q. Where was the automobile which was involved in the collision, where was it when you first saw it? In what part of the bridge was it when you first saw it?

"A. Right straight ahead of me."

The court properly sustained the objection, because the one set of answers did not contradict the other, nor does the 1956 deposition state that the wheels of trolley car were on rails at time of collision. Mr. Weidner then said he intended also by his offer to contradict the question: "Q. Where was this automobile, its left wheels,

with reference to the track or rails? A. That would be right in the middle of the car tracks." But again it is apparent that neither the answer nor the remaining answers describing the course of the approaching car are contradicted by the answers offered in rebuttal. Mr. Weidner finally offered all the offered portions of the 1956 depositions or, they being refused, certain unoffered portions, for the purpose of contradicting them, after their admission, by proof of the same answers in the 1953 depositions which the court had already properly excluded. This was patently objectionable. No error appears.

Plaintiff's third contention is that the opinion testimony of the witness Corlette was improperly received. This contention was also raised by the estate as defendant in the suit of Margaret Bodnar Rissel against it. We have discussed and rejected this contention in the opinion filed this day in that suit. It is sufficient here to say that in our opinion the witness was competent, and his opinion reasonably called for by the circumstances of the accident. The jury apparently adopted, as it well could if it believed defendant's evidence, the theory that the automobile got in the way of the trolley car, and not vice versa.

Fourthly, and finally, plaintiff contends that the court erred in permitting the use of a certain preliminary written pleading of Mrs. Rissel in order to contradict her oral testimony at the trial. Mrs. Rissel had testified in cross-examination that no portion of the Buick automobile had been beyond the rails of the trolley tracks before the collision. She had also, in direct examination, located the automobile on the bridge in an area between the trolley car rail and the curb.

In order to lessen the credibility of these statements, cross-examining counsel wished to present paragraph

7 of Mrs. Rissel's complaint, sworn to by her in the suit she brought against the estate of her deceased husband, in which she averred that he had been negligent in numerous ways which she mentioned. A conference at side bar ensued, after which the court sustained plaintiff's objection to the offer and to the reading to the jury of the said paragraph, but permitted defendant, the street railway company, to use in cross-examination certain purely factual words of the said paragraph 7, namely: "He operated said automobile partly on said trolley track into said approaching trolley", by confronting the witness, Mrs. Rissel, with that. Mr. Weidner, for plaintiff, objected. Mr. Body then asked the witness:

"Q. Mrs. Rissel, by permission of the court, I am reading Paragraph 7 (b): 'he operated said automobile partly on said trolley track into said approaching trolley.' Does that appear in the complaint that you signed and swore to? A. Yes."

Plaintiff contends that this was error, and that no part of the paragraph was usable in the way permitted by the court, or in any other way. The reason advanced is that the former legal disapproval of alternative charges no longer obtains, and that since such charges are now permitted (Pennsylvania Rules of Civil Procedure 1020, 1021, 1024), a pleader who has pleaded facts in the alternative ought not be subject to having either alternative used as an admission against him. The question here, however, does not involve a pleading which charges different defendants alternatively, wherein, it may be noted, even the liberalizing permission of alternative charges is conditioned upon a special averment as to the belief of the pleader, rule 1024(b). The present case, therefore, does not fall under the rules permitting alternative pleadings.

Here we have two separate suits, each against a

different defendant, that played a part in the accident. The two cases arise out of one accident. The evidence as to the driving of the deceased motorist, the operation of the trolley car and the condition of the car and rails, is all germane to the question of what was the fault, and whose, which brought about the accident. For this reason the two cases were for convenience tried together.

Mrs. Rissel in direct examination had expressed no doubt as to the position of her car at the time of the collision, but placed it off the tracks. It is commonplace for opposing counsel to confront a witness with an inconsistent written admission made elsewhere. Such practice is a reasonable and well established mode of inquiry into the facts. It may offer a spur to the witness' memory of perhaps other complementary circumstances, and may lead to a modification of the testimony. On redirect examination, Mrs. Rissel was subsequently permitted to say that she had signed the complaint on the advice of counsel, and had not stated the facts of her own knowledge, but had got them on the advice of her attorney. This examination remained uncontradicted. The court rightly stopped this part of the examination at this point, in order to avoid the raising of extraneous or immaterial issues of fact. No matter what are the details of the conference with her attorneys, it would have been improper for the court to pursue the matter further, in the absence of an offer to show accident or mistake. The court also explained in its charge the legitimate purpose of Mrs. Rissel and the legality of the method, whereby a plaintiff may sometimes present inconsistent theories for adjudication.

The rule for new trial should be discharged.

And now, to wit, November 26, 1957, plaintiff's rule for new trial is discharged.